TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409

Attorneys for Plaintiff
TACORI ENTERPRISES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES, | ) Case No. 2:18-CV-07333 |
| Plaintiff, | ) **COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND BREACH OF CONTRACT** |
| v. | |
| AGAPE DIAMONDS LLC | |
| Defendants. | ) **DEMAND FOR TRIAL BY JURY** |

Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys, Tucker Ellis, LLP, files its complaint against Agape Diamonds LLC ("Defendant") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et seq.*, respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trade dress infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28

U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

### Parties and Personal Jurisdiction

4. Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5. Defendant Agape Diamonds LLC upon information and belief, has its principal place of business at 3959 Van Dyke Road, Lutz, Florida 33558.

6. This Court has personal jurisdiction over Defendant because Defendant expressly consented to personal jurisdiction in California.

### The Business of Plaintiff Tacori Enterprises

7. For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry. Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

8. Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry"). Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

9. At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the Tacori Crescent Jewelry. Each piece of the Tacori Crescent Jewelry is an original work copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act.

10. Tacori has received Certificates of Registration and Supplemental Registrations from the Register of Copyrights for the Tacori Crescent Jewelry. For example, Tacori obtained a Copyright Registration for HT 2229 (VA 1-120-166; 1-237-005; 1-327-576). A copy of the Copyright Registration for HT 2229 is attached to this Complaint as Exhibit A.

11. Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

12. Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

13. Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

14. Since the introduction of its first distinctive Tacori Crescent Jewelry, Tacori has introduced additional rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Crescent Trade Dress." The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as ". . . the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other. Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other. A space is created between the contiguous semi-circles or arcs." Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit B.

15. Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry featuring the Tacori Crescent Trade Dress. For example, Tacori's custom designed platinum and diamond wedding bands with the Tacori Crescent Trade Dress were featured on the Today Show and received the popular vote from over 59,000 viewers choosing the

wedding bands for a winning couple. Tacori's custom designs have also been featured on Extra, and various seasons of The Bachelorette and The Bachelor.

16. Tacori advertises its Tacori Crescent Trade Dress jewelry designs in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, InStyle-Wedding, Marie Claire, Martha Stewart Wedding, Modern Bride, Robb Report, Town & Country, Vogue, and W. Furthermore, Tacori advertises its products, particularly those with the Tacori Crescent Trade Dress in trade publications and over the World Wide Web through its website www.tacori.com.

17. The Tacori Crescent Jewelry bearing the Tacori Crescent Trade Dress has been sold to retail stores throughout the United States. These retail stores display and offer for sale the Tacori Crescent Jewelry with the Tacori Crescent Trade Dress to the general public.

18. The Tacori Crescent Jewelry featuring the Tacori Crescent Trade Dress has had outstanding commercial success. As a result, jewelers and the public recognize the Tacori Crescent Trade Dress as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

**The Business of Defendant Agape Diamonds LLC**

19. Tacori is informed and believes that Defendant is a wholesale manufacturer, designer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling jewelry.

20. Defendant sells or has sold jewelry under the trade name Agape Diamonds LLC.

21. Tacori is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Tacori's jewelry business.

22. Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Tacori.

23. Tacori has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Tacori Crescent Jewelry or jewelry with a design that is substantially similar to the Tacori Crescent Jewelry.

24. Tacori has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Tacori Crescent Trade Dress.

25. In 2015, Tacori accused Defendant of selling and offering to sell jewelry which infringed the Tacori Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.

26. Tacori and Defendant entered into a Settlement Agreement in 2016 in which Defendant acknowledged the validity and enforceability of the Tacori Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry and Defendant further agreed not to challenge the validity and enforceability of the Tacori Crescent Trade and the copyrights in the Tacori Crescent Jewelry. A copy of the 2016 Settlement Agreement, without exhibits, is attached to this Complaint as Exhibit C.

27. In this 2016 Settlement Agreement, Defendant further agreed to stop selling or offering to sell jewelry that infringed the Tacori Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.

28. Defendant also agreed that the prevailing party in an action to enforce the terms of the 2016 Settlement Agreement would be entitled to attorney's fees, expenses and costs.

29. In violation of federal copyright law, and in breach of the 2016 Settlement Agreement, Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry.

30. In violation of federal and state trademark law, and in breach of the 2016 Settlement Agreement, Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication

and/or sale of jewelry with designs that are confusingly similar to the Tacori Crescent Trade Dress.

31. Tacori is informed and believes, and on that basis alleges, that Defendant has sold or offered to sell unauthorized and infringing copies of the Tacori Crescent Jewelry, which bear designs that are confusingly similar to the Tacori Crescent Trade Dress, wholesale and through retailers. Pictures of unauthorized and infringing copies of the Tacori Crescent Jewelry and Tacori Crescent Trade Dress are attached to this Complaint as Exhibit D.

## First Cause of Action

### (Copyright Infringement)

32. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 31 of this Complaint as though fully set forth.

33. Defendant's acts constitute infringement of Tacori's copyrights in the Tacori Crescent Jewelry in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

34. For example, Defendant's Style JR6105 is substantially similar to Tacori's copyrighted ring design HT 2229 (Copyright Registration No. (VA 1-120-166).




Tacori Style No. HT 2229          Agape Model No. JR6105

35. Tacori is informed and believes that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry was deliberate, willful, malicious, oppressive, and without regard to Tacori's proprietary rights.

36. Defendant's copyright infringement has caused, and will continue to cause Tacori to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in the Tacori Crescent Jewelry and further, has damaged Tacori's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined. In addition, Tacori is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Tacori is entitled to recover statutory damages, on election by Tacori, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

37. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Tacori repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts. Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

38. Tacori is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

**Second Cause of Action**

(Trademark Infringement Under 15 U.S.C. § 1114(1))

39. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth here.

40. Defendant's use in commerce of Tacori's federally registered trademark in the Tacori Crescent Trade Dress is likely to cause confusion, mistake, or to deceive.

41. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

42. Defendant has unfairly profited from the trademark infringement alleged.

43. By reason of Defendant's acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the Tacori Crescent Trade Dress.

44. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademark.

45. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

46. By reason of Defendant's acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

47. By reason of Defendant's willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

48. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action

(Trade Dress Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

49. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 48 of this Complaint as though fully set forth.

50. Tacori's jewelry incorporating the Tacori Crescent Trade Dress has a unique and distinctive design which designates a single source of origin.

51. Defendant's use in commerce of the Tacori Crescent Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Tacori.

52. The above-described acts of Defendant constitute trade dress infringement of the Tacori Crescent Trade Dress and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

53. Tacori is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

54. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

55. By reason of the above-described acts of Defendant, Tacori has suffered and will continue to suffer damage to the goodwill associated with the Tacori Crescent Trade Dress.

56. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the Tacori Crescent Trade Dress.

57. The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

58. By reason of the above-described acts of Defendant, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

59. Because the above-described acts of Defendant were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

60. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Fourth Cause of Action

(Violation of California Unfair Competition Law)

61. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 60 of this Complaint as though fully set forth.

62. Tacori is informed and believes that Defendant is in direct competition with Tacori.

63. Defendant has infringed Tacori's trade dress rights and sold infringing products in violation of Tacori's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

64. Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Tacori all profits and property acquired by means of Defendant's unfair competition with Tacori.

65. Due to the conduct of the Defendant, Tacori has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts. Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

66. Tacori is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

## Fifth Cause of Action

(Breach of Contract)

67. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 66 of this Complaint as though fully set forth.

68. In 2016, Tacori and Defendant entered into a Settlement Agreement.

69. Tacori has fulfilled all obligations and taken all actions required of it pursuant to the terms of the 2016 Settlement Agreement.

70. Pursuant to the 2016 Settlement Agreement, Defendant agreed to stop selling or offering to sell jewelry that infringed the Tacori Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.

71. In fact, pursuant to the 2016 Settlement Agreement, Defendant agreed to stop selling or offering to sell "AD JEWELRY" which was defined to include rings pictured in Exhibit B to the 2016 Settlement Agreement.

72. Defendant has breached the terms of the 2016 Settlement Agreement by selling and offering to sell jewelry that is substantially similar to the copyrights in the Tacori Crescent Jewelry and that is confusingly similar to the Tacori Crescent Trade Dress.

73. Defendant also has breached the terms of the 2016 Settlement Agreement by selling and offering to sell jewelry pictured in Exhibit B to the 2016 Settlement Agreement.

74. As a result of Defendant's breach of the 2016 Settlement Agreement, Tacori has been damaged.

75. As a result of Defendant's breach of the 2016 Settlement Agreement, Tacori is entitled to its attorney's fees, expenses and costs.

## Prayer for Relief

**Therefore**, Tacori respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has:

11

  (a) infringed the trade dress rights of Tacori in its "Tacori Crescent Trade Dress" trade dress in violation of 15 U.S.C. § 1125;

  (b) infringed the rights of Tacori in its federally registered trademark in its "Tacori Crescent Trade Dress" in violation of 15 U.S.C. § 1114;

  (c) infringed the rights of Tacori in Tacori's federally registered copyrights under 17 U.S.C. § 501;

  (d) competed unfairly with Tacori at common-law and in violation of California Business and Professions Code § 17200; and

  (e) breached the 2016 Settlement Agreement with Tacori.

2. That each of the above acts were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

  (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is confusingly similar to the Tacori Crescent Trade Dress, or that is substantially similar to the Tacori Crescent Jewelry;

  (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

  (c) engaging in any other activity constituting an infringement of Tacori's trade dress rights in the "Tacori Crescent Trade Dress" or Tacori's copyrights in the Tacori Crescent Jewelry.

4. That Tacori be awarded damages for Defendant's trademark and trade dress infringement, and unfair competition.

5. That Tacori be awarded Defendant's profits resulting from its infringement

of Tacori's trademark and trade dress rights.

6. That Defendant be ordered to account for and disgorge to Tacori all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7. That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Tacori be awarded damages for Defendant's copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Tacori's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That Tacori be awarded all profits and property acquired by means of Defendant's unfair competition with Tacori.

10. That Tacori be awarded damages for Defendant's breach of the 2016 Settlement Agreement.

11. That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

12. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Tacori's trade dress rights in the "Tacori Crescent Trade Dress," or infringing copies of the Tacori Crescent Jewelry.

13. That the Court issue an Order at the conclusion of the present matter that the jewelry infringing Tacori's trade dress and all infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

14. That the Court award Tacori its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

15. That the Court award Tacori its actual attorney's fees, expenses and costs resulting from Tacori's enforcement of the terms of the 2016 Settlement Agreement.

16. That the Court award Tacori its costs of suit incurred herein.

17. That Tacori be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED: August 21, 2018      Tucker Ellis LLP

By: /s/Howard A. Kroll
Howard A Kroll
Attorneys for Plaintiff
TACORI ENTERPRISES

# DEMAND FOR TRIAL BY JURY

Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.

DATED: August 21, 2018               Tucker Ellis LLP

                                     By:  /s/Howard A. Kroll
                                          Howard A Kroll
                                          Attorneys for Plaintiff
                                          TACORI ENTERPRISES

1373810.1